IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHARLES FRANKLIN, 347221, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-1232-N |
| ) | |
| RICK THALER, Director, Texas ) | |
| Dept. Of Criminal Justice, Correctional ) | |
| Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On September 23, 1982, Petitioner was found guilty of murder and was sentenced to life in prison. *State of Texas v. Charles Franklin*, No. F82-77885-QS (282nd Dist. Ct., Dallas County, Tex. Sept. 23, 1982).

In this petition pursuant to 28 U.S.C. § 2254, Petitioner does not challenge his conviction or sentence. Instead, he argues that the Board of Pardons and Paroles ("Board") has violated his state and federal rights by denying him release to parole and/or mandatory supervision.

On March 24, 2009, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Franklin*, No. 13,918-07. On June 10, 2009, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On June 25, 2009, Petitioner filed the instant § 2254 petition. He argues that his federal

and state constitutional rights were violated when he was not released to parole or mandatory supervision. He also argues the Board's action violates the state and federal Administrative Procedures Act, and that the Board's decision to deny him release is fraudulent. On November 23, 2009, Respondent filed his answer. On December 17, 2009, and July 13, 2010, Petitioner filed replies. The Court now determines the petition should be denied.

## II. Discussion

### A.     Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254, provide:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that

principle to the facts of the prisoner's case. *See Williams*, 529 U.S. at 307.

**B.     Mandatory Supervision**

Petitioner argues his due process rights were violated when he was denied release to mandatory supervised release. He also argues the denial of his release was fraudulent and was an ex post facto violation.

At the time of Petitioner's murder offense in 1982, the Texas statute governing eligibility for release to mandatory supervision provided that an inmate not under sentence for death "shall be released to mandatory supervision" when the calendar time he has served plus any accrued good conduct time equaled the maximum term to which he was sentenced. TEX. CRIM. PROC. Code art. 42.12, § 15(c).

The Texas Court of Criminal Appeals has determined that this mandatory supervision statute does not allow a prisoner who is sentenced to life to be eligible for mandatory supervision. *Ex parte Franks*, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001). The court determined "it is mathematically impossible to determine a mandatory supervision release date on a life sentence, because the calendar time served plus any accrued good conduct time will never add up to life." *Id*. at 328.

The Fifth Circuit has also considered this issue. In *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002), the Fifth Circuit relied on the *Franks* decision to find that a prisoner sentenced to life was not eligible for release to mandatory supervision under the 1977 version of the mandatory supervision statute.

Petitioner was likewise sentenced to life in prison and is not entitled to release to mandatory supervision. Petitioner's claims regarding mandatory supervision should be denied.

**C.     Parole**

Petitioner argues his constitutional rights were violated when he was not released on parole. A state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The Fifth Circuit has therefore held that there is no constitutional right to parole under Texas law. *See Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991) and *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Since Petitioner has "no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v. Kyle*, 66 F.3d 71, 73-74 (5th Cir. 1995) (citing *Orellana*, 65 F.3d at 32). Petitioner's claim should be denied.

**D.     State Law**

Petitioner argues the Board's actions violate Texas state law. Federal habeas corpus relief is available only for the vindication of rights existing under federal law. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Petitioner's state law claims should therefore be denied.

**E.     Administrative Procedures Act**

Petitioner argues the Board's action violates the Administrative Procedures Act, 5 U.S.C. § 551, *et seq*. The APA, however, applies only to federal regulations, not state regulations. This claim should be denied.

**F.     Summary**

Plaintiff has failed to show that the state courts' determination to deny relief is contrary to or involves an unreasonable application of clearly established federal law and/or is based on

an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**:

The Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied.

Signed this 28th day of December, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO OBJECT</u>

   A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).